# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**IPESA USA, LLC,**

        **Plaintiff,**

        v.                                    Case No. 11-C-788

**KSI, INC,**

        **Defendant.**

## DECISION AND ORDER GRANTING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**I. FACTS AND PROCEDURAL HISTORY**

On July 6, 2012, the plaintiff, IPESA USA, LLC, ("IPESA") filed a motion for summary judgment. (Docket No. 21.) The defendant, KSI, Inc. ("KSI"), responded on August 7, 2012 but this response fails to comply with the applicable rules. For example, the defendant attempts to dispute several of the plaintiff's proposed findings of fact, (Docket No. 27 at 4-8), but in contravention with Fed. R. Civ. P. 56(c)(1) has failed to cite "to particular parts of materials in the record." KSI simply disagrees with the plaintiff's stated facts but fails to reference any factual support in the record. Therefore, as to each of the plaintiff's proposed findings of fact, (Docket No. 25), in accordance with Fed. R. Civ. P. 56(e)(2) and Civ. L.R. 56(b)(4), the court "consider[s] the fact undisputed for purposes of the motion."

According to those undisputed proposed findings of fact, IPESA manufactures silage bags. (Docket No. 25, ¶1.) KSI is a distributor of silage bags and one of IPESA's customers. (Docket No. 25, ¶¶2-4.) On the following dates, KSI received silage bags in the values set forth below:

| Date products received by KSI: | Value: | Date of invoice: |
|---|---|---|
| April 15, 2010 | $50,114.32 | April 20, 2010 |
| May 3, 2010 | $50,781.42 | May 3, 2010 |
| May 14, 2010 | $58,973.28 | October 26, 2010 |
| October 18, 2010 | $53,181.10 | October 26, 2010 |
| TOTAL: | $213,050.12 | |

(Docket No. 25, ¶¶9-12; see also Docket No. 27-1 at 65-68.) IPESA's prices for its products are set in price lists that are periodically distributed to customers when market conditions necessitate a price change. (Docket No. 25, ¶¶3-4.) When prices change, the new price applies to all orders placed after the effective date of the new price list. (Docket No. 25, ¶4.)

In each instance listed above, KSI accepted the goods and never revoked its acceptance of the goods. (Docket No. 25, ¶13.) KSI has retained the goods in question. (Docket No. 25, ¶14.) IPESA demanded payment but KSI owes a balance of $193,190.08 on these invoices. (Docket No. 25, ¶¶15-16.)

## II. SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); McNeal v. Macht, 763 F. Supp. 1458, 1460-61 (E.D. Wis. 1991). Material facts are those facts which, under the governing substantive law, might affect the outcome of the suit. Anderson, 477 U.S. at 248. A dispute of such material facts is "genuine" if the evidence is such that a reasonable trier of fact could find in favor of the nonmoving party. Id.

The movant bears the burden to establish that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970); see also Celotex Corp., 477 U.S. at 323. The moving party satisfies its burden by demonstrating "that there is an absence of evidence to support the nonmoving party's case." Celotex Corp., 477 U.S. at 325. Any doubt as to the existence of a genuine issue for

2

trial is resolved against the moving party. Anderson, 477 U.S. at 255; Cain v. Lane, 857 F.2d 1139, 1142 (7th Cir. 1988); Spring v. Sheboygan Area School Dist., 865 F.2d 883, 886 (7th Cir. 1989). Further, "on summary judgment, a court can neither make a credibility determination nor choose between competing interests." Sarsha v. Sears, Roebuck & Co., 3 F.3d 1035, 1041 (7th Cir. 1993).

If the moving party meets its burden, the nonmoving party then has the burden to present specific facts showing that there is a genuine issue of material fact. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

This case comes before the court on diversity jurisdiction pursuant to 28 U.S.C. § 1332, and thus this court is required to apply state substantive law. Lexington Ins. Co. v. Rugg & Knopp, Inc., 165 F.3d 1087 (7th Cir. 1999). Neither party raises any dispute as to which state's law applies to this matter but both cite to Wisconsin statutes. In the absence of any dispute, the law of this court's forum state, i.e. Wisconsin law, applies in the present case. Massachusetts Bay Ins. Co. v. Vic Koenig Leasing, 136 F.3d 1116, 1120 (7th Cir. 1998) (quoting Wood v. Mid-Valley, Inc., 942 F.2d 425, 426-27 (7th Cir. 1991)) ("the operative rule is that when neither party raises a conflict of law issue in a diversity case, the federal court simply applies the law of the state in which the federal court sits. . . . Courts do not worry about conflict of laws unless the parties disagree on which state's law applies."); see also Grundstad v. Ritt, 166 F.3d 867, 870 (7th Cir. 1999) (same).

## III. ANALYSIS

KSI having accepted the relevant goods and having failed to offer any adequate defense to this action, in accordance with Wis. Stat. §§ 402.607 and 402.709, IPESA is entitled to recover the price of the goods together with any incidental damages under Wis. Stat. § 402.710.

The court's conclusion would not change even if it was to look past KSI's failure to adequately cite support for its challenges to IPESA's proposed findings of fact and scour the record looking for adequate support for KSI's contentions, an undertaking the Court of Appeals for the

3

Seventh Circuit has made clear this court has no obligation to undertake, Greer v. Bd. of Educ., 267 F.3d 723, 727 (7th Cir. 2001) (quoting Waldridge v. American Hoechst Corp., 24 F.3d 918, 921-22 (7th Cir. 1993). ("[A] lawsuit is not a game of hunt the peanut. . . . [N]either appellate courts nor district courts are 'obliged in our adversary system to scour the record looking for factual disputes. . . .'") The court engages in this additional analysis only for the sake of completeness; the court does not look past KSI's failure to adequately dispute any of IPESA's proposed findings of fact. Based upon the court's review of the documents submitted, there was a good reason why KSI did not cite the basis for its challenges—they are wholly unsupported by the record. Moreover, while KSI's submissions indicate it disputes up to $45,807.33 of the $193,190.08 sought by the plaintiff, it acknowledges that it has nonetheless refused to pay even the $147,382.75 balance that, at least according to its response, is wholly undisputed, (Docket No. 27, ¶16; see also Docket No. 27 at 3).

First, there is KSI's argument that although it may have received notice of the price increases, it never agreed to those increases and therefore should be able to receive the bags at the prices it initially agreed to when KSI began its relationship with IPESA. On this basis, KSI contends it is entitled to a price adjustment in the amount of $30,167.20. (Docket No. 27 at 3.)

KSI has failed to present evidence that would permit a reasonable finder of fact to conclude that KSI had a long-term fixed-price contract with IPESA or any other sort of relevant agreement fixing the price of products it would buy from IPESA. Cf. PSI Energy v. Exxon Coal USA, 991 F.2d 1265, 1266 (7th Cir. 1993) (discussing price adjustments in long-term contracts). Rather, the record demonstrates that KSI was merely a repeat customer of IPESA.

A person agrees to a new price when, after receiving notice of a price change, he places an order and accepts that product. Cf. Associated Milk Producers v. Meadow Gold Dairies, 27 F.3d 268, 272-73 (7th Cir. 1994). To the extent that the parties' relationship may have established a "course of dealing," see Wis. Stat. § 401.303(2), IPESA repudiated the course of dealing with

4

respect to price when it provided KSI with each new price list, Associated Milk Producers, 27 F.3d at 274. KSI has failed to present any support for its implication that its status as a repeat customer somehow immunized or exempted it from IPESA's price increases.

Notably, not only did KSI continue to order from IPESA after receiving IPESA's new price lists, but it placed orders after receiving invoices reflecting the prices it alleges were improper. (See Docket No. 27-1 at 65-68.) KSI clearly placed and accepted the orders at issue here with knowledge and notice that it would be charged according to IPESA's new prices. Nonetheless, it has failed to pay or adequately present any reason why summary judgment is not appropriate.

KSI next argues that it is entitled to a $13,140.13 credit for warranty returns and an additional $2,500 credit for "miscellaneous broken parts, box charges, and labor as a result of insufficient pallets provided by IPESA." (Docket No. 27 at 3.) Richard Teunissen's deposition makes clear that he, as general manager of KSI, essentially made up this $2,500 figure in an effort to quantify the time and effort KSI expended in restacking products onto new pallets. (Docket No. 27-1 at 21.) There is apparently no other support for this figure. As for the $13,140.13 figure for warranty claims, although it is referenced in Richard Teunissen's deposition, (Docket No. 27-1 at 15-16, 35-36), the court has been unable to identify in the defendant's submissions the source of, or any documentation supporting, this figure. It is undisputed that KSI never submitted a warranty claim form or otherwise complied with the procedures set forth in IPESA's warranty for the submission of a warranty claim. (Docket No. 27, ¶20.) Thus, like the $2,500 figure for broken pallets, this $13,140.13 figure for warranty claims is wholly unsubstantiated and insufficient to defeat IPESA's motion for summary judgment.

But perhaps more important than the lack of evidentiary support is the fact that the defendant's answer contains no reference to any warranty claim or set-off. It contains merely a general denial of the plaintiff's claim that "Defendant KSI, INC. owes plaintiff the sum of

5

$193,190.08 for goods sold and delivered to defendant at its request prior to December 31, 2010." (Docket No. 1.) Federal Rule of Civil Procedure 8(c)(1) requires a responsive pleading to "state any avoidance or affirmative defense." In the absence of any reference to these arguments in the answer, whether in the form of an affirmative defense and/or counterclaim, the court cannot now consider them as a means for defeating the plaintiff's motion for summary judgment. Cf. Beloit Corp. v. C3 Datatec, 1996 U.S. App. LEXIS 4945, *4 (7th Cir. Wis. Mar. 1, 1996) (unpublished). Thus, this is a third independent reason why these contentions cannot defeat the plaintiff's motion for summary judgment.

Accordingly, even if the court was to look past KSI's failure to adequately respond to IPESA's proposed findings of fact, the court would still grant summary judgment in favor of IPESA in the full amount of its claim, together with costs and interest.

**IT IS THEREFORE ORDERED** that IPESA's motion for summary judgment, (Docket No. 21), is hereby **granted**. The defendant, KSI, shall pay to the plaintiff, IPESA, the amount of $193,190.08 together with statutory interest and the costs of this action. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 27th day of August, 2012.

BY THE COURT:

AARON E. GOODSTEIN
U.S. Magistrate Judge